UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTHA BRENNAN CAMIRE, *et al.*,

    *Plaintiffs*,

v.

ALCOA USA CORP., *et al.*,

    *Defendants*.

Civil Action No. 24 - 1062 (LLA)

**MEMORANDUM OPINION AND ORDER**

In March 2025, this court dismissed Plaintiffs' suit alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, for failure to establish Article III standing. ECF Nos. 41, 42. Plaintiffs now seek to alter or amend the court's judgment under Federal Rule of Civil Procedure 59(e) and seek leave to file a second amended complaint under Rule 15(a). ECF No. 43. For the reasons explained below, the court will deny Plaintiffs' motion.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs Martha Brennan Camire, Craig Jefferson, David Lyn Shepherd, and Daniel Schipper are former employees of Defendant Alcoa Corporation ("Alcoa") who are participants in the company's pension plans. ECF No. 28 ¶¶ 9, 12-15. Defendants are Alcoa, "a publicly traded aluminum producer headquartered in Pittsburgh, Pennsylvania," *id.* ¶ 16; Alcoa USA Corporation, a subsidiary of Alcoa Corporation, *id.* ¶ 17; the Alcoa Corporation Benefits Management Committee, which is a "group of individuals appointed by Alcoa's Board of Directors to oversee the operation of" Alcoa's pension plans, *id.* ¶ 18; William F. Oplinger, the President and Chief

Executive Officer of Alcoa, *id.* ¶ 19; Fiduciary Counselors, Inc., which is "a privately held investment consulting firm that acts as an independent fiduciary for pension fund assets," *id.* ¶ 20; and John Does 1-5, who are "unknown members of the Benefits Committee who exercised discretionary authority or discretionary control" over various aspects of the pension plans, *id.* ¶ 21.

Plaintiffs are participants in Alcoa's defined-benefit pension plans, under which they receive a fixed amount every month, regardless of the value of their plan or any management decisions. *Id.* ¶¶ 1, 10, 26-28.[1] A defined-benefit plan places the risk of failure on the employer, rather than on plan participants: "[i]n the event that plan assets are inadequate to satisfy liabilities for benefit payments, the employer has an obligation to make additional contributions to the plan to meet ERISA's funding requirements." *Id.* ¶ 28. Because the risk of plan failure falls on employers, they sometimes attempt to mitigate their exposure through pension risk transfer ("PRT") transactions, in which "an employer offloads all or part of its pension benefit obligations by purchasing [group annuity contracts] with plan assets from an insurer, who then assumes the responsibility of future benefit payments to employees and retirees covered by the transaction." *Id.* ¶ 29. At issue here are PRT transactions related to partial buyouts of the Alcoa entities' pension obligations by Athene Annuity and Life Co. and Athene Annuity & Life Assurance Company of New York (collectively "Athene"), *id.*, "private equity-controlled insurance companies with a highly risky offshore structure," *id.* ¶ 3.

---

[1] "In a defined-benefit plan, retirees receive a fixed payment each month, and the payments do not fluctuate with the value of the plan or because of the plan fiduciaries' good or bad investment decisions. By contrast, in a defined-contribution plan, such as a 401(k) plan, the retirees' benefits are typically tied to the value of their accounts, and the benefits can turn on the plan fiduciaries' particular investment decisions." *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020).

When pension benefit obligations are transferred through a PRT transaction, the plan participants lose their protections under ERISA. *Id.* ¶ 32. ERISA guarantees the pension funds of qualifying plan participants through the Pension Benefit Guaranty Corporation ("PBGC"), which protects pensioners in the event of a plan's failure. *Id.* After a PRT transaction, a plan participant's pension is protected only by a state guaranty association, which "offer[s] less protection compared to the PBGC" because it is not pre-funded and only provides coverage up to limits set by state law. *Id.* ¶ 34. In interpretive guidance, the U.S. Department of Labor has instructed that when plan fiduciaries select an annuity provider in connection with a PRT, they must take certain "steps calculated to obtain 'the safest annuity available.'" *Id.* ¶ 24 (quoting 29 C.F.R. § 2509.95-1).

Beginning in 2018, "Defendants transferred Alcoa's pension liabilities to Athene" via "a series of seven PRTs." *Id.* ¶ 80; *see id.* ¶ 82-83. "[B]etween August 2018 and August 2022, the Alcoa Defendants' PRTs affected nearly 30,000 Alcoa Plan participants, offloading approximately $2.79 billion of Alcoa's pension liabilities to Athene." *Id.* ¶ 83.

Plaintiffs filed this putative class action in April 2024, ECF No. 1, and filed an amended complaint in July 2024, ECF No. 28. Plaintiffs allege that Defendants' selection of Athene as an annuity provider violated their fiduciary obligations under ERISA because Defendants failed to adequately investigate whether Athene was "the safest annuity available." ECF No. 28 ¶¶ 84-89. Defendants moved to dismiss Plaintiffs' amended complaint and to file supporting exhibits under seal and partially under seal. ECF Nos. 34 to 36, 39, 40.

In March 2025, the court granted Defendants' motion to dismiss without prejudice, denied the remaining motions as moot, and dismissed the action without prejudice. ECF Nos. 41, 42. The following month, Plaintiffs filed a motion to alter or amend the court's judgment under Federal

3

Rule of Civil Procedure 59(e) and sought leave to file a second amended complaint under Rule 15(a). ECF No. 43. That motion is fully briefed. ECF Nos. 43, 44, 46, 48 to 51.

## II.     LEGAL STANDARDS

### A.     Federal Rule of Civil Procedure 59(e)

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a court's judgment within twenty-eight days of the entry of judgment. Such a motion is only warranted in "extraordinary circumstances." *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 77 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015). A party may not use a Rule 59(e) motion to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). And a Rule 59(e) motion that "repeat[s] unsuccessful arguments," *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 34 (D.D.C. 2013), or is made based on "[m]ere disagreement" with the court's judgment, will not survive scrutiny, *Wannall v. Honeywell Int'l, Inc.*, No. 10-CV-351, 2013 WL 12321549, at *3 (D.D.C. Oct. 24, 2013) (alteration in original) (quoting *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)).

A district court "need not" grant a Rule 59(e) motion "unless [it] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). In assessing "clear error" in the Rule 59(e) context, "courts have required 'a very exacting standard,' . . . such that the 'final judgment must be "dead wrong" to constitute clear error.'" *Wannall*, 2013 WL 12321549, at *3 (first quoting *Bond v. U.S. Dep't of Just.*, 286 F.R.D. 16, 22 (D.D.C. 2012); then quoting

4

*Lardner v. Fed. Bureau of Investigation*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012)).  Likewise, "manifest justice" is an "exceptionally narrow concept in the context of a Rule 59(e) motion," and it "entail[s] more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Id.*

### B. Federal Rule of Civil Procedure 15(a)

Under Federal Rule of Civil Procedure 15(a), if a party may no longer amend its complaint as a matter of course, it may seek the opposing party's consent or the court's leave to do so.  While the court retains discretion over whether to grant a motion for leave to amend, it "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[I]t is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive[,] repeated failure to cure deficiencies by [previous] amendments[,] [or] futility of amendment.'"  *Firestone*, 76 F.3d at 1208 (second and fourth alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Amendment is futile "if the proposed claim would not survive a motion to dismiss."  *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  This is typically the case when the amendment "merely restates the same facts" or "fails to state a legal theory."  *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002).  "[U]nder Rule 15, 'the non-movant generally carries the burden in persuading the court to deny leave to amend.'"  *In Lux Rsch. v. Hull McGuire PC*, No. 23-CV-523, 2023 WL 8190821, at *2 (D.D.C. Nov. 27, 2023) (quoting *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004)).

5

## III.     DISCUSSION

Plaintiffs request that the court vacate its dismissal of the case under Rule 59(e) and grant Plaintiffs leave to amend their complaint under Rule 15(a).  ECF No. 43-1, at 5-6.  As a threshold matter, the parties dispute what standard governs the court's consideration of Plaintiffs' request.  Defendants argue that Plaintiffs must first satisfy Rule 59(e)'s standard, which requires the moving party to show an intervening change of controlling law, newly available evidence, or clear error or manifest injustice.  ECF No. 44, at 5-6.  Plaintiffs counter that "[s]uch a showing is not required when the purpose of [a] Rule 59(e) motion is to present an amended pleading," so Rule 15(a)'s liberal standard for granting leave to amend governs.  ECF No. 46, at 1; *see* ECF No. 43-1, at 5-6.  The court agrees with Defendants.

"[O]nce a final judgment has been entered, a court cannot permit an amendment [pursuant to Rule 15(a)] unless the plaintiff 'first satisf[ies] Rule 59(e)'s more stringent standard' for setting aside that judgment."  *Ciralsky v. Cent. Intel. Agency*, 355 F.3d 661, 673 (D.C. Cir. 2004) (third alternation in original) (quoting *Firestone*, 76 F.3d at 1208); *see W. Wood Preservers Inst. v. McHugh*, 292 F.R.D. 145, 147 (D.D.C. 2013) ("It is well established that '[w]here a district court is presented with a motion for leave to amend following a dismissal, the court considers the motion for leave to amend only *after* consideration of a party's motion to amend or alter the dismissal.'" (alteration in original) (quoting *DeGeorge v. United States*, 521 F. Supp. 2d 35, 40-41 (D.D.C. 2007))).  This court thus lacks authority to grant Plaintiffs' Rule 15(a) motion without first vacating its final judgment dismissing the case.  *Osborn v. Visa Inc.*, 797 F.3d 1057, 1062 (D.C. Cir. 2015).

Plaintiffs rely on *Brink v. Continental Insurance Company*, 787 F.3d 1120 (D.C. Cir. 2015), and *Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996), to argue that Rule 59(e)'s

standard does not apply, *see* ECF No. 46, at 1-2, but those cases are inapposite.  In *Brink* and *Firestone*, the D.C. Circuit instructed that where a plaintiff moves for reconsideration and seeks leave to amend, the "denial of the Rule 59(e) motion . . . is an abuse of discretion *if the dismissal of the complaint with prejudice was erroneous*; that is, the Rule 59(e) motion should be granted unless 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"  *Brink*, 787 F.3d at 1128-29 (emphasis added) (quoting *Firestone*, 76 F.3d at 1209).  This rule, however, applies only where the plaintiff's complaint was dismissed *with prejudice*.  *See id.* at 1128.  That is because "*Brink*'s holding stems from the 'high' bar that the D.C. Circuit has set for dismissals with prejudice, in which such a dismissal is permitted only when the plaintiff 'could not allege additional facts that would cure the deficiencies in her complaint.'"  *Bernier v. Allen*, No. 16-CV-828, 2020 WL 4047953, at *3 (D.D.C. July 20, 2020) (quoting *Belizan v. Hershon*, 434 F.3d 579, 584 (D.C. Cir. 2006)); *see Baltimore v. Pruitt*, 293 F. Supp. 3d 1, 4 (D.D.C. 2017) (granting Rule 59(e) motion where the court concluded it had erred in dismissing the complaint with prejudice).

This court dismissed Plaintiffs' action *without* prejudice, so *Brink*'s permissive standard for reconsidering a judgment does not apply.  *See al-Hawsawi v. Trump*, No. 21-CV-2907, 2025 WL 885212, at *1-2 (D.D.C. Mar. 21, 2025) (explaining that the court's prior dismissal was meant to be without prejudice and then applying the Rule 59(e) standard); *Mouzon v. Radiancy, Inc.*, 309 F.R.D. 60, 63 (D.D.C. 2015) (explaining that the general rule that district courts consider a motion for leave to amend only after consideration of a party's Rule 59(e) motion was "applicable in cases, like this one, where claims had been dismissed without prejudice").  Accordingly, Plaintiffs must first "'satisfy Rule 59(e)'s more stringent standard,' before Federal Rule of Civil Procedure '15(a)'s liberal standard for granting leave to amend governs.'"  *Seth v. District of*

*Columbia*, No. 18-CV-1034, 2019 WL 2058670, at *4 (D.D.C. May 8, 2019) (quoting *Firestone*, 76 F.3d at 1208), *aff'd*, 813 F. App'x 611 (D.C. Cir. 2020).

Here, Plaintiffs have not carried their burden of obtaining the "disfavored" and "extraordinary" relief of Rule 59(e) reconsideration. *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). While Plaintiffs argue that their amended complaint "add[s] factual support for their existing theories of standing," ECF No. 46, at 3, a party cannot use a Rule 59(e) motion "to raise arguments or present evidence that could have been raised prior to the entry of judgment," *Exxon Shipping Co.*, 554 U.S. at 485 n.5 (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1). Moreover, Plaintiffs do not contend that an intervening change of controlling law has occurred since the court's dismissal, that new evidence has become available, or that amending the judgment is necessary to correct a clear error or prevent manifest injustice. *See generally* ECF Nos. 43-1, 46. Indeed, none of the supplemental authorities Plaintiffs cite from other circuits constitute a change of controlling law. *See* ECF Nos. 48, 50. Nor do Plaintiffs argue that any statutes of limitations or other barriers would prevent them from filing a new action after this court's dismissal without prejudice.[2] Plaintiffs therefore "do not need any relief from this

---

[2] In *Ciralsky*, the D.C. Circuit held that the district court did not abuse its discretion in denying the plaintiff's Rule 59(e) and Rule 15(a) motions where the district court had previously dismissed the complaints without prejudice. 355 F.3d at 671-74. The Court nevertheless remanded the case to the district court to reconsider its Rule 59(e) denial in light of newly apparent circumstances showing that the plaintiff would be barred under the statute of limitations from refiling his complaint—in other words, where the district court's denial of the Rule 59(e) motion had put an end to the plaintiff's action such that the dismissal was "effectively with prejudice." *Id.* at 672 (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)). Here, Plaintiffs do not argue that a statute of limitations would prevent them from refiling their complaint, so this court's denial without prejudice did not have "the effect of permanently terminating" Plaintiffs' lawsuit. *Id.* at 671-72.

Court in order to file the Proposed Amended Complaint in a separate action in this judicial district." *Mouzon*, 309 F.R.D. at 66.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Motion to Alter or Amend Judgment and for Leave to File Amended Complaint, ECF No. 43, is **DENIED**.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   February 24, 2026